# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

FELIX ENCINAS, 6172 Glen Eagle Court, Falls Church, Virginia; GABRIEL ENCINAS, 6172 Glen Eagle Court, Falls Church, Virginia; AND SILVANO CARBAJAL, Alexandria, Virginia 22301; ON BEHALF OF THEMSELVES AND ALL SIMILARLY SITUATED EMPLOYEES,

*Plaintiffs,*

- against -

J.J. DRYWALL CORPORATION, 8177 Snead Loop, Gainesville, Virginia 20155; AND, JOSE LUIS JIMENEZ, 8177 Snead Loop, Gainesville, Virginia 20155,

*Defendants.*

**COMPLAINT**
COLLECTIVE ACTION AND CLASS ACTIONS

Case No.:

---

Plaintiffs, by their attorneys, DeCARLO, CONNOR & SHANLEY, P.C., and O'DONOGHUE & O'DONOGHUE LLP, complain of Defendants J.J. Drywall Corporation and Jose Luis Jimenez.

The First Claim for Relief of the Complaint is a collective action pursuant to 29 U.S.C. §216(b) commenced by Plaintiffs Gabriel Encinas and Felix Encinas on their own behalf and on behalf of all other similarly situated employees (the "Collective Class"), to recover unpaid overtime compensation, plus an additional equal amount in liquidated damages, the costs of this action, and reasonable attorneys' fees, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201-219 ("FLSA").

The Second Claim for Relief of the Complaint is a class action pursuant to Fed. R. Civ. P. 23 commenced by Plaintiffs Gabriel Encinas and Felix Encinas on their own behalf and on behalf of all other similarly situated employees (the "Washington, D.C. Class"), to recover unpaid overtime compensation, plus an additional equal amount in liquidated damages, the costs of this action, and reasonable attorneys' fees, pursuant to the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1001 *et seq*.

The Third and Fourth Claims for Relief of the Complaint are a class action pursuant to Fed. R. Civ. P. 23 commenced by Plaintiffs Gabriel Encinas and Felix Encinas on their own behalf and on behalf of all other similarly situated employees (the "Washington, D.C. Sub-Class"). Plaintiffs Gabriel Encinas and Felix Encinas bring a claim for unpaid wages, plus an additional equal amount in liquidated damages, the costs of this action and reasonable attorneys' fees, pursuant to the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §32-1301 *et seq*., and a claim for unpaid wages under a theory of unjust enrichment, respectively.

The Fifth and Sixth Claims for Relief of the Complaint are a class action pursuant to Fed. R. Civ. P. 23 commenced by Plaintiff Silvano Carbajal, on behalf of himself and on behalf of all other similarly situated employees, the "Maryland Class", to recover unpaid wages, plus an additional amount in liquidated damages, the costs of this action and reasonable attorneys' fees, pursuant to the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §3-501 *et seq*., and a claim for unpaid wages under a theory of unjust enrichment, respectively.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiffs Gabriel Encinas' and Felix Encinas' federal claims pursuant to 28 U.S.C. §1331 (Federal Question), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and supplemental jurisdiction of Plaintiffs' Maryland and District of

Columbia claims, and common law claims, under 28 U.S.C. §1367.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

3.    Defendant J.J. Drywall Corporation  performs work in this District, and

Defendants J.J. Drywall Corporation and Jose Luis Jimenez engaged in some of the alleged actions

in this District, and claims upon which this action are based substantially arose in this District.

## PARTIES

4.    Plaintiff Gabriel Encinas, an individual, resides in Falls Church, Virginia.

Defendant J.J. Drywall Corporation employed Gabriel Encinas as a drywall mechanic in about

March 2007, at various locations in Washington, D.C. Gabriel Encinas is an "employee" under the

FLSA, 29 U.S.C. §203(e)(1), the District of Columbia Minimum Wage Act Revision Act, D.C. Code

§32-1002(2), and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §32-

1301(2).  At all material times, Plaintiff Gabriel Encinas was "employ[ed]" by Defendant J.J.

Drywall Corporation pursuant to the FLSA, 29 U.S.C. §203(g) and the District of Columbia

Minimum Wage Act Revision Act, D.C. Code §32-1002(1).

5.    Plaintiff Felix Encinas, an individual, resides in Falls Church, Virginia.

Defendant J.J. Drywall Corporation employed Felix Encinas as a drywall mechanic in about March

2007, at various locations in Washington, D.C. Felix Encinas is an "employee" under the FLSA, 29

U.S.C. §203(e)(1), the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-

1002(2), and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §32-

1301(2).  At all material times, Plaintiff Felix Encinas was "employ[ed]" by Defendant J.J. Drywall

Corporation pursuant to the FLSA, 29 U.S.C. §203(g) and the District of Columbia Minimum Wage

Act Revision Act, D.C. Code §32-1002(1).

3

6.    Plaintiff Silvano Carbajal, an individual, resides in Alexandria, Virginia. Plaintiff Carbajal was employed by Defendant J.J. Drywall Corporation as a drywall mechanic in or about September 2006, at the Our Lady of Good Counsel project in Olney, Maryland. At all material times, Plaintiff Carbajal was "employ[ed]" by Defendant J.J. Drywall Corporation pursuant to the Md. Code Ann. Lab. & Empl. §3-101(c).

7.    Based upon information and belief, Defendant J.J. Drywall Corporation is a corporation incorporated under the laws of the State of Maryland. Defendant J.J. Drywall Corporation's offices are located at 8177 Snead Loop, Gainesville, Virginia 20155. Defendant J.J. Drywall Corporation is engaged in commercial drywall installation. Defendant J.J. Drywall Corporation is an "employer" under the FLSA, 29 U.S.C. §203(d), the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1002(3), the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §32-1301(1), and the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl.§3-501(b).

8.    Defendant J.J. Drywall Corporation is an enterprise engaged in commerce as that term is defined in 29 U.S.C. §203(r) and (s).

9.    Defendant Jose Luis Jimenez is an owner of Defendant J.J. Drywall Corporation and resides in Gainesville, Virginia.

10.    The acts alleged in this Complaint were done by or at the direction of Defendants J.J. Drywall Corporation and Jose Luis Jimenez.

11.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez were aware or should have been aware that they had an obligation to pay their non-exempt employees at the rate of time and one-half their base hourly or piece work rate for all hours worked in excess of forty (40)

4

hours each workweek.

## FACTUAL BACKGROUND

12.    Based upon information and belief, since in or about June 2005, and continuing until about at least October 2007, Defendant J.J. Drywall Corporation has performed work at various locations in Washington, D.C. including 505 9th Street, N.W.; 2400 N Street, N.W.; 1101 New York Avenue, N.W.; and, 1201 Maryland Avenue, S.W.; and, in Maryland at Our Lady of Good Counsel High School, 17301 Old Vic Boulevard, Olney, Maryland.

13.    Defendant J.J. Drywall Corporation directed its employees, including Plaintiffs, including at some of the locations described herein in paragraph 12, in their day-to-day work activities, including but not limited to, providing tools and materials to employees, directing the employees when and where to report for work and when to leave, where, when, and what tasks to perform, and, how the tasks should be performed.

14.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez employed Plaintiffs at various jobsites in the District of Columbia, and/or Maryland, where Plaintiffs engaged in the installation of drywall and/or insulation.

15.    Based upon information and belief, Defendant Jose Luis Jimenez had decision-making authority over Defendant J.J. Drywall Corporation's payroll policies and practices, including but not limited to the hourly-paid and piece-work paid employees' rate of pay, overtime hours, and method of payment; the maintenance of employee records; and the power to hire, fire, or deny further work to employees.

16.    Based upon information and belief, Defendant Jose Luis Jimenez had daily supervisory control over Defendant J.J. Drywall Corporation's payroll practices and activities, and

had operational control over all aspects of Defendant J.J. Drywall Corporation's day-to-day functions beyond payroll practices and activities.

17.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez classified or treated Plaintiffs Gabriel Encinas, Felix Encinas, and Silvano Carbajal, and all other similarly situated employees as exempt employees under FLSA, 29 U.S.C. §201 *et seq.*, and/or the D.C. Minimum Wage Act Revision Act, D.C. Code §32-1001, *et seq.*

18.    Plaintiffs Gabriel Encinas, Felix Encinas, and Silvano Carbajal, and all other similarly situated employees were not exempt employees under FLSA, 29 U.S.C. §201 *et seq.*, and/or the D.C. Minimum Wage Act Revision Act, D.C. Code §32-1001, *et seq.*, and performed no work that was of a *bona fide*, executive, administrative or professional nature, or that would otherwise exempt Plaintiffs Gabriel Encinas and Felix Encinas and all other similarly situated employees from coverage under the FLSA, and/or the D.C. Minimum Wage Act Revision Act.

19.    Plaintiffs Gabriel Encinas and Felix Encinas worked more than 40 (forty) hours in one week in March 2007 for Defendant J.J. Drywall Corporation, but Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to pay Plaintiffs Gabriel Encinas and Felix Encinas time and one-half overtime compensation for their hours worked in excess of 40 (forty) hours per workweek.

20.    Based upon information and belief, Defendants J.J. Drywall Corporation and Jose Luis Jimenez had at all material times, and continue to have, a company policy of not paying its employees for overtime hours worked and have refused to pay its employees the required overtime.

21.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez, at its jobsites in Maryland and the District of Columbia, deducted from the gross wages of Plaintiffs and all other

6

similarly situated employees, an amount equal to 10% of Plaintiffs' and all other similarly situated employees' gross wages every pay period. Defendants J.J. Drywall Corporation and Jose Luis Jimenez had no legal authorization or justification for the deductions.

22.   Plaintiff Silvano Carbajal was offered the opportunity to work overtime by Defendant J.J. Drywall Corporation at the Our Lady of Good Counsel project in Olney, Maryland.

23.   Plaintiff Silvano Carbajal declined the opportunity to work overtime because he was aware that Defendants J.J. Drywall Corporation and Jose Luis Jimenez had a company policy of not paying its employees for overtime hours worked.

24.   Defendants J.J. Drywall Corporation and Jose Luis Jimenez knew or should have known that their overtime and wage deduction practices were in violation of applicable law.

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Violations of Fair Labor Standards Act, 29 U.S.C. §207(a))

25.   Plaintiffs Gabriel Encinas and Felix Encinas repeat and incorporate by reference each and every allegation contained in paragraphs 1 through 24, above.

26.   Plaintiffs Gabriel Encinas and Felix Encinas bring this First Claim for Relief on behalf of themselves and all other similarly situated employees, herein the Collective Class.

27.   Section 7 of the FLSA, 29 U.S.C. §207, provides, in part, that:

§207. Maximum hours (a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions. (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

7

28.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez were required to pay Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Collective Class, time and one-half overtime compensation for their hours worked in excess of 40 hours per workweek.

29.    Plaintiffs Gabriel Encinas and Felix Encinas allege that Defendants J.J. Drywall Corporation and Jose Luis Jimenez have violated, and upon information and belief have continued to violate, the overtime compensation requirements of §207(a) of the FLSA, by failing and refusing to pay its employees at time and one-half for all hours worked in excess of 40 hours in a workweek.

30.    Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Collective Class are entitled to be paid at one and one-half times their regular rate of pay for those hours worked in excess of 40 hours in a workweek.

31.    The actions of Defendants J.J. Drywall Corporation and Jose Luis Jimenez were willful as evidenced by their failure to pay the named Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Collective Class at the rate of time and one-half their regular rate of pay for those hours worked in excess of 40 hours in a workweek when Defendants J.J. Drywall Corporation and Jose Luis Jimenez knew, or should have known, that such was due.

32.    Based upon information and belief, Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to maintain proper time and payroll records as required under FLSA, 29 U.S.C. §211(c).

33.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to properly disclose or apprise Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Collective Class of their rights under the FLSA, as required by FLSA and regulations thereunder, 29 C.F.R.

8

§516.4.

34.    Due to the intentional, willful and unlawful acts of Defendants J.J. Drywall

Corporation and Jose Luis Jimenez, Plaintiffs Gabriel Encinas and Felix Encinas and all members of

the Collective Class are entitled to an additional equal amount as liquidated damages pursuant to

Section 216(b) of the FLSA, 29 U.S.C. §216(b).

35.    Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Collective

Class are entitled to an award of their reasonable attorneys' fees and costs under Section 216(b) of

the FLSA, 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Violations of Overtime Provisions of the District of Columbia Minimum Wage Act Revision
Act, D.C. Code §32-1003(c))

36.    Plaintiffs Gabriel Encinas and Felix Encinas  incorporate by reference and

reallege each and every allegation set forth above in Paragraphs 1 through 35, as though fully set

forth herein.

37.    Plaintiffs Gabriel Encinas and Felix Encinas bring this Second Claim for

Relief on behalf of themselves and all similarly situated employees, herein the Washington, D.C.

Class.

38.    Under the District of Columbia Minimum Wage Act Revision Act, D.C. Code

§32-1003(c), Defendants J.J. Drywall Corporation and Jose Luis Jimenez were required to pay

Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Washington, D.C. Class time

and one-half overtime compensation for their hours worked in excess of 40 hours per workweek.

39.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez have violated, and

based upon information and belief, have continued to violate, the overtime compensation

requirements of the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1003(c) by failing to pay its employees at time and one-half for all hours worked in excess of 40 hours in a workweek.

40.    Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Washington, D.C. Class are entitled to be paid at one and one-half times their regular rate of pay for those hours worked in excess of 40 hours in a workweek.

41.    Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' actions were willful and not in good faith as evidenced by their failure to pay Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Washington, D.C. Class overtime when Defendants J.J. Drywall Corporation and Jose Luis Jimenez knew, or should have known, that such was due.

42.    Based upon information and belief, Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to maintain proper time and payroll records as required by the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1008(a)(1).

43.    Based on information and belief, at all material times hereto, Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to regularly furnish to its employees "at the time of payment of wages an itemized statement showing the date of the wage payment, gross wages paid, deductions from and additions to wages, net wages paid, [and] hours worked during the pay period", as required by the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1008(b).

44.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez have failed to properly disclose or apprise Plaintiffs Gabriel Encinas and Felix Encinas and all other members of the Washington, D.C. Class of their rights under the District of Columbia Minimum Wage Act Revision Act, as required under D.C. Code §32-1009.

10

45.    Due to the intentional, willful and unlawful acts of Defendants J.J. Drywall Corporation and Jose Luis Jimenez, Plaintiffs Gabriel Encinas and Felix Encinas and all other members of the Washington, D.C. Class are entitled to an additional equal amount as liquidated damages pursuant to the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1012(a).

46.    Plaintiffs Gabriel Encinas and Felix Encinas and all other members of the Washington, D.C. Class are entitled to an award of their reasonable attorneys' fees and costs under the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1012(c).

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Violations of the District of Columbia Wage
Payment and Wage Collection Act, D.C. Code §32-1301 *et seq.*)

47.    Plaintiffs Gabriel Encinas and Felix Encinas incorporate by reference and reallege each and every allegation set forth above in Paragraphs 1 through 46, as though fully set forth herein.

48.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to pay Plaintiffs Gabriel and Felix Encinas for all time worked by deducting and retaining 10% (ten percent) of their gross wages for no lawful purpose or justification.

49.    The District of Columbia Wage Payment and Wage Collection Act, D.C. Code §32-1302 (requiring employers to pay "all wages earned" to employees in a timely fashion), requires Defendants J.J. Drywall Corporation and Jose Luis Jimenez to pay Plaintiffs Gabriel Encinas and Felix Encinas and all employees similarly situated, herein the Washington, D.C. Sub-Class, "all wages earned".

11

50.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez have violated, and upon information and belief, continue to violate, the District of Columbia Wage Payment and Wage Collection Act by failing and refusing to pay employees for all time worked or for all wages earned. Defendants J.J. Drywall Corporation and Jose Luis Jimenez had, and upon information and belief, continue to have, a practice and policy of deducting and retaining 10% (ten percent) of its employees' gross wages for no lawful purpose or justification.

51.    Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Washington, D.C. Sub-Class are entitled to compensation in an amount equal to the 10% of gross wages deducted from their wages, and to an additional amount as liquidated damages for Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' violation of the District of Columbia Wage Payment and Wage Collection Act, pursuant to D.C. Code §32-1308(a).

52.    Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Washington, D.C. Sub-Class are entitled to an award of their reasonable attorneys' fees and costs pursuant to the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §32-1308(b).

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Unjust Enrichment)

53.    Plaintiffs incorporate by reference and reallege each and every allegation set forth above in Paragraphs 1 through 52, as though fully set forth herein.

54.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to pay Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Washington, D.C. Sub-Class for all time worked by deducting and retaining 10% (ten percent) of its employees' gross wages for no

lawful purpose or justification and for Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' own benefit.

55.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez by deducting and retaining 10% (ten percent) of its employees' gross wages for no lawful purpose and for Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' own benefit, have unjustly enriched themselves at the expense of Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Washington, D.C. Sub-Class.

### FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Violations of Maryland Wage Payment and Collection Law,
Md. Code Ann. Lab. & Empl. §3-501 *et seq.*,
and Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. §3-401, *et seq.*)

56.    Plaintiff Silvano Carbajal incorporates by reference and realleges each and every allegation set forth above in Paragraphs 1 through 55, as though fully set forth herein.

57.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to pay Plaintiff Carbajal and all similarly situated employees, herein the Maryland Class, for all time worked by deducting and retaining 10% (ten percent) of their employees' gross wages for no lawful purpose or justification and without proper authorization, in violation of the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §3-401, *et seq.*

58.    The Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §3-503, prohibits Defendants J.J. Drywall Corporation and Jose Luis Jimenez from making unauthorized or prohibited deductions from employees' wages.

59.    Plaintiff Carbajal alleges that Defendants J.J. Drywall Corporation and Jose Luis Jimenez have violated and, upon information and belief, continue to violate, the Maryland Wage Payment and Collection Law by failing and refusing to pay employees for all time worked or

for all wages owed. Defendants J.J. Drywall Corporation and Jose Luis Jimenez had, and upon information and belief continue to have, a practice and policy of deducting and retaining 10% (ten percent) of its employees' gross wages for no lawful purpose or justification, and without authorization.

60.     Plaintiff Carbajal and all other members of the Maryland Class are entitled to compensation in an amount equal to the 10% of gross wages deducted from their wages, and to an additional amount, equal to three times the amount owed, as liquidated damages, and reasonable attorneys' fees and other costs, for Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' violation of the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §3-507.1(b)

61.     Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to provide to Plaintiff Carbajal and, based upon information and belief, all members of the Maryland Class, "at the time of hiring, notice of: the rate of pay of the employee; and the regular paydays that the employer sets", in violation of the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §3-504 (a)(1)(i)-(ii).

62.     Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to provide to Plaintiff Carbajal and, based upon information and belief, all members of the Maryland Class, "for each pay period, a statement of the gross earnings of the employee and deductions from those gross earnings; and "at least 1 pay period in advance, notice of any change in a payday or wage", in violation of Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §3-504 (a)(2) and (3).

63.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez have failed to "keep posted conspicuously in each place of employment: (1) a summary of [the Maryland Wage and Hour Law] that the Commissioner approves; and (2) a copy or summary of each regulation that is adopted to carry out" the Maryland Wage and Hour Law.  Md. Code Ann. Lab. & Empl. §3-423(b)(1) and (2).

64.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez are required to keep, "for at least 3 years in or about the place of employment, a record of: (1) the name, address, and occupation of each employee; (2) the rate of pay of each employee; (3) the amount that is paid each pay period to each employee; (4) the hours that each employee works each day and workweek; and (5) other information that the Commissioner requires, by regulations, as reasonable to enforce this subtitle."  Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl., §3-424.

### SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Unjust Enrichment)

65.    Plaintiff Carbajal incorporates by reference and realleges each and every allegation set forth above in Paragraphs 1 through 64, as though fully set forth herein.

66.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez failed to pay Plaintiff Carbajal and all members of the Maryland Class for all time worked by deducting and retaining 10% (ten percent) of his and its other employees' gross wages for no lawful purpose or justification and without authorization for Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' own benefit.

67.    Defendants J.J. Drywall Corporation and Jose Luis Jimenez, by deducting and retaining 10% (ten percent) of its employees' gross wages for no lawful purpose or justification and for Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' own benefit, have unjustly

enriched themselves at the expense of and detriment to Plaintiff Carbajal and all members of the Maryland Class.

## COLLECTIVE ACTION AND CLASS ACTIONS ALLEGATIONS

68.    Plaintiffs Felix and Gabriel Encinas bring the First Claim for Relief as a collective action pursuant to 29 U.S.C. §216(b), on behalf of themselves and all members of the Collective Class. The Collective Class consists of individuals who are or have been employed by Defendant J.J. Drywall Corporation as hourly-paid or piece-work employees employed as drywall finisher, drywall mechanic, carpenter, and/or mechanic, who perform work similar to the work performed by employees in those classifications, and who worked more than forty (40) hours during any given workweek. The "Collective Class Period" is the period of time between June 2005 and the date of the final disposition of this action.

69.    During the Collective Class Period, the duties and responsibilities of the jobs held by members of the proposed Collective Class were the same as or substantially similar to the duties and responsibilities of the jobs held by Plaintiffs Gabriel Encinas and Felix Encinas.

70.    Plaintiffs Gabriel Encinas and Felix Encinas and the members of the proposed Collective Class are and were subject to the unlawful compensation policies and practices set forth in paragraphs 12 through 35 above.

71.    Accordingly, Plaintiffs Gabriel Encinas and Felix Encinas and all other members of the Collective Class are "similarly situated" within the meaning of 29 U.S.C. §216(b), and entitled to proceed on a collective basis.

72.    The Second Claim for Relief is the cause of action for violation of the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1003(c) pursuant to Rule 23 of the

Federal Rules of Civil Procedure by Plaintiffs Gabriel Encinas and Felix Encinas on behalf of themselves and all members of the Washington, D.C. Class.

73.    The Washington, D.C. Class consists of all individuals who are or have been employed by Defendant J.J. Drywall Corporation as hourly-paid or piece-work employees and employed as drywall finisher, drywall mechanic, carpenter, and/or mechanic, who perform work similar to the work performed by employees in those classifications, and who worked more than forty (40) hours during any given workweek.

74.    The Washington, D.C. Class Period is between June 2005 and the date of the final disposition of this action.

75.    Plaintiffs Gabriel Encinas and Felix Encinas are members of and seek to represent the Washington, D.C. Class.

76.    The duties and responsibilities of the jobs held by members of the Washington, D.C. Class were the same as or substantially similar to the duties and responsibilities of the jobs held by Plaintiffs Gabriel Encinas and Felix Encinas.

77.    The members of the Washington, D.C. Class are so numerous that joinder of all members is impracticable. Based on information and belief, the Washington, D.C. Class consists of at least thirty (30)  present and former hourly-paid and piece-work employees of J.J. Drywall Corporation and as such, all members of the Washington, D.C. Class cannot practically be joined as named parties herein.

78.    The claims of Plaintiffs' Gabriel Encinas and Felix Encinas are typical of the claims of the members of the Washington, D.C. Class because they and all Washington, D.C. Class members had or have the same or substantially similar job responsibilities and duties and were

17

subject to the unlawful compensation policies and practices set forth in paragraphs 12 through 24 and paragraphs 36 through 46 above.

79.    This action involves substantial questions of fact and/or law common to the claims of the Washington, D.C. Class, including but not limited to the following: whether Defendants J.J. Drywall Corporation and Jose Luis Jimenez have a practice and policy of not paying employees time and one half for all hours worked in excess of forty hours in a workweek. Plaintiffs Gabriel Encinas' and Felix Encinas' claims are typical of the claims of the Washington, D.C. Class. Plaintiffs Gabriel Encinas and Felix Encinas worked hours in excess of forty (40) hours in a workweek for which they were not paid time and one half, which are the same grounds applicable to all members of the Washington, D.C. Class. Plaintiffs Gabriel Encinas and Felix Encinas claims are based on the same facts as those of the other members of the proposed Washington, D.C. Class.

80.    Plaintiffs Gabriel Encinas and Felix Encinas will fairly and adequately protect the interests of the Washington, D.C. Class.

81.    Plaintiffs Gabriel Encinas and Felix Encinas have no interests that are antagonistic to the interests of the Washington, D.C. Class as a whole. They are committed to the vigorous prosecution of this action and have retained competent counsel who are experienced in wage and hour law and class action litigation.

82.    Rule 23(b)(1)(A). The prosecution of separate actions by individual members of the Washington, D.C. Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Washington, D.C. Class that would establish incompatible standards of conduct for Defendants J.J. Drywall Corporation and Jose Luis Jimenez.

83.    Rule 23(b)(1)(B). The prosecution of separate actions by individual members of the Washington, D.C. Class would create a risk of adjudications with respect to individual members of the Washington, D.C. Class that would, as a practical matter, be dispositive of the interest of the other members not parties to the adjudications and/or substantially impair or impede their ability to protect their interests.

84.    Rule 23(b)(2). Defendants J.J. Drywall Corporation and Jose Luis Jimenez have acted on grounds generally applicable to the Washington, D.C. Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Washington, D.C. Class as a whole.

85.    The Third and Fourth Claims for Relief are the causes of action for violation of the District of Columbia Wage Payment and Wage Collection Act, and for unjust enrichment, pursuant to Rule 23 of the Federal Rules of Civil Procedure by Plaintiffs Gabriel Encinas and Felix Encinas on behalf of themselves and all members of the Washington, D.C. Sub-Class.

86.    The Washington, D.C. Sub-Class consists of all persons who are or have been employed by Defendant J.J. Drywall Corporation as hourly-paid or piece-work employees employed as drywall finisher, drywall mechanic, carpenter, and/or mechanic, who perform work similar to the work performed by employees in those classifications, and who were not paid for all hours worked or had 10% deducted from their gross wages.

87.    The Washington, D.C. Sub-Class Period is between June 2005 and the date of the final disposition of this action.

88.    Plaintiffs Gabriel Encinas and Felix Encinas are members of and seek to represent the Washington, D.C. Sub-Class.

89.    The duties and responsibilities of the jobs held by members of the Washington, D.C. Sub-Class were the same as or substantially similar to the duties and responsibilities of the jobs held by Plaintiffs Gabriel Encinas and Felix Encinas.

90.    The members of the Washington, D.C. Sub-Class are so numerous that joinder of all members is impracticable. Based on information and belief, the Washington, D.C. Sub-Class consists of at least thirty (30) present and former hourly-paid and piece- work employees of J.J. Drywall Corporation, and as such all members of the Washington, D.C. Sub-Class cannot practically be joined as named parties herein.

91.    The claims of Plaintiffs' Gabriel Encinas and Felix Encinas are typical of the claims of the members of the Washington, D.C. Sub-Class because they and all Washington, D.C. Sub-Class members had or have the same or substantially similar job responsibilities and duties and were subject to the unlawful compensation policies and practices set forth in paragraphs 12 through 24 and paragraphs 47 through 55 above.

92.    This action involves substantial questions of fact and/or law common to the claims of the Washington, D.C. Sub-Class, including but not limited to the following: whether Defendants J.J. Drywall Corporation and Jose Luis Jimenez have a practice and policy of deducting and retaining 10% (ten percent) of their employees' gross wages for no lawful purpose or justification, and for Defendant J.J. Drywall Corporation's and Jose Luis Jimenez' own benefit.

93.    Plaintiffs Gabriel Encinas and Felix Encinas' claims are typical of the claims of the Washington, D.C. Sub-Class. Plaintiffs Gabriel Encinas and Felix Encinas worked hours for which they were not paid or had 10% of their wages deducted on the same grounds applicable to all members of the Washington, D.C. Sub-Class.

94.    Plaintiffs Gabriel Encinas' and Felix Encinas' claims are based on the same facts as those of the other members of the proposed Washington, D.C. Sub-Class.

95.    Plaintiffs Gabriel Encinas and Felix Encinas will fairly and adequately protect the interests of the Washington, D.C. Sub-Class.

96.    Plaintiffs Gabriel Encinas and Felix Encinas have no interests that are antagonistic to the interests of the Washington, D.C. Sub-Class as a whole.  They are committed to the vigorous prosecution of this action and have retained competent counsel who are experienced in wage and hour law and class action litigation.

97.    Rule 23(b)(1)(A).  The prosecution of separate actions by individual members of the Washington, D.C. Sub-Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Washington, D.C. Sub-Class that would establish incompatible standards of conduct for Defendants J.J. Drywall Corporation and Jose Luis Jimenez.

98.    Rule 23(b)(1)(B).  The prosecution of separate actions by individual members of the Washington, D.C. Sub-Class would create a risk of adjudications with respect to individual members of the Washington, D.C. Sub-Class that would as a practical matter be dispositive of the interest of the other members not parties to the adjudications and/or substantially impair or impede their ability to protect their interests.

99.    Rule 23(b)(2).  Defendants J.J. Drywall Corporation and Jose Luis Jimenez have acted on grounds generally applicable to the Washington, D.C. Sub-Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Washington, D.C. Sub-Class as a whole.

100.    The Fifth and Sixth Claims for Relief are brought by Plaintiff Silvano Carbajal for violation of the Maryland Wage Payment and Collection Law, and unjust enrichment, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all members of the Maryland Class.

101.    The Maryland Class consists of all persons who are or have been employed by Defendant J.J. Drywall Corporation in the State of Maryland as hourly-paid or piece-work employees and employed as drywall finisher, drywall mechanic, carpenter, and/or mechanic, who perform work similar to the work performed by employees in those classifications including installation of insulation, and who were not paid for all hours worked or had 10% deducted from their gross wages.

102.    The Maryland Class Period is between June 2005 and the date of the final disposition of this action.

103.    Based on information and belief, the Maryland Class consists of at least ten (10) individuals and as such, all members cannot practically be joined as named parties herein.

104.    This action involves substantial questions of fact and/or law common to the claims of the Maryland Class, including but not limited to the following: whether Defendants J.J. Drywall Corporation and Jose Luis Jimenez have a practice and policy of deducting and retaining 10% (ten percent) of their employees' gross wages for no lawful purpose or justification and without authorization, and for Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' own benefit.

105.    Plaintiff Carbajal's claims are typical of the claims of the Maryland Class. Plaintiff Carbajal worked hours for which he was not paid or had 10% deducted from his gross wages on the same grounds applicable to all members of the Maryland Class. Plaintiff Carbajal's claims are based on the same facts as those of the other members of the proposed Maryland Class.

22

106.    Plaintiff Carbajal will fairly and adequately protect the interests of the Maryland Class.

107.    Plaintiff Carbajal has no interests that are antagonistic to the interests of the Maryland Class as a whole. Plaintiff Carbajal is committed to the vigorous prosecution of this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

108.    Rule 23(b)(1)(A). The prosecution of separate actions by individual members of the Maryland Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Maryland Class that would establish incompatible standards of conduct for Defendants J.J. Drywall Corporation and Jose Luis Jimenez.

109.    Rule 23(b)(1)(B). The prosecution of separate actions by individual members of the Maryland Class would create a risk of adjudications with respect to individual members of the Maryland Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications and/or substantially impair or impede their ability to protect their interests.

110.    Rule 23(b)(2). Defendants J.J. Drywall Corporation and Jose Luis Jimenez have acted on grounds generally applicable to the Maryland Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Maryland Class as a whole.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, for themselves and for all employees similarly situated, respectfully request the Court to grant the following relief:

1.      That the Court enter judgment in favor of the Plaintiffs Gabriel Encinas and Felix Encinas, and all members of the Collective Class, and against Defendants J.J. Drywall Corporation and Jose Luis Jimenez for all unpaid overtime compensation found due to the Plaintiffs Gabriel Encinas and Felix Encinas and members of the Collective Class as a result of Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' violation of 29 U.S.C. §207(a), plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §216(b);

2.      Certify the Second cause of action as a Class Action pursuant to Federal Rules of Civil Procedure 23, and appoint Plaintiffs Gabriel Encinas and Felix Encinas as the representatives of the Washington, D.C. Class and the undersigned attorneys as Washington, D.C. Class Counsel;

3.      That the Court enter judgment in favor of Plaintiffs Gabriel Encinas and Felix Encinas, and all similarly situated employees in the Washington, D.C. Class, and against Defendants J.J. Drywall Corporation and Jose Luis Jimenez, for all unpaid overtime compensation found due to the Plaintiffs Gabriel Encinas and Felix Encinas and all members in the Washington, D.C. Class as a result of Defendant J.J. Drywall Corporation's violation of §32-1003(c) of the District of Columbia Minimum Wage Act Revision Act, plus an additional equal amount as liquidated damages, pursuant to §32-1012(a) of the District of Columbia Minimum Wage Act Revision Act;

4.      Certify the Third and Fourth causes of action as a Class Action pursuant to Federal Rules of Civil Procedure 23, and appoint Plaintiffs Gabriel Encinas and Felix Encinas as the representatives of the Washington, D.C. Sub-Class and the undersigned attorneys as Washington, D.C. Sub-Class Counsel;

5.    Enter judgment against Defendants J.J. Drywall Corporation and Jose Luis Jimenez for all unpaid wages found due to Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Washington, D.C. Sub-Class as a result of Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' violation of the District of Columbia Wage Payment and Wage Collection Act, §32-1302, plus an additional equal amount as liquidated damages pursuant to the District of Columbia Wage Payment and Wage Collection Act, §32-1308(a);

6.    Enter judgment against Defendants J.J. Drywall Corporation and Jose Luis Jimenez for all unpaid wages found due to Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Washington, D.C. Sub-Class as a result of Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' unjust enrichment;

7.    Award Plaintiffs Gabriel Encinas and Felix Encinas and all members of the Collective Class, Washington, D.C. Class, and Washington, D.C. Sub-Class, the costs of this action and their reasonable attorneys' fees, pursuant to 29 U.S.C. §216(b), and Sections §32-1012(c) of the District of Columbia Minimum Wage Act Revision Act, and §32-1308(b) of the District of Columbia Wage Payment and Wage Collection Act, respectively;

8.    Certify the Fifth and Sixth causes of action as a Class Action pursuant to Federal Rules of Civil Procedure 23, and appoint Plaintiff Silvano Carbajal as the representative of the Maryland Class and the undersigned attorneys as Maryland Class Counsel;

9.    Enter judgment against Defendants J.J. Drywall Corporation and Jose Luis Jimenez for all unpaid wages found due to Plaintiff Silvano Carbajal and all members of the Maryland Class as a result of Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' violations of the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §3-301

*et seq.*, plus an additional amount as liquidated damages pursuant to the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §3-301 *et seq.*;

      10.    Enter judgment against Defendants J.J. Drywall Corporation and Jose Luis Jimenez for all unpaid wages found due to Plaintiff Silvano Carbajal and the Maryland Class as a result of Defendants J.J. Drywall Corporation's and Jose Luis Jimenez' unjust enrichment;

      11.    Award Plaintiff Silvano Carbajal and all members of the Maryland Class the costs of this action and reasonable attorneys' fees, pursuant to Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. §3-301 *et seq.*;

      12.    That the Court grant Plaintiffs and the members of the Collective Class, the Washington, D.C. Class, the Washington, D.C. Sub-Class, and the Maryland Class, such other and further relief, including but not limited to injunctive relief where appropriate, as the Court may deem just and proper or that is allowed under any Federal and or state law violated by any of the Defendants' conduct alleged in the Complaint.

      13.    That the Court issue all necessary orders and decrees, general and equitable, and issue such other and further relief as it may deem just, proper and appropriate as the proof may indicate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:      Washington, D.C.
            July 1, 2008

By: _____

R. Richard Hopp, Esq. (D.C. Bar No. 432221)
John R. Harney, Esq.(D.C. Bar No. 424238)
O'DONOGHUE AND O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, D.C.  20016
Telephone: (202) 362-0041
Facsimile: (202) 362-2640


_____

Brian F. Quinn, Esq., (D.C. Bar No.  447619)
DECARLO, CONNOR & SHANLEY, P.C.
101 Constitution Avenue, NW, 10th Floor
Washington, D.C.  20001
Telephone: (202) 589-1151
Facsimile: (202) 589-0105

*Attorneys for Plaintiffs*

176089_1

27

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| FELIX ENCINAS, 6172 Glen Eagle Court, Falls Church, Virginia; GABRIEL ENCINAS, 6172 Glen Eagle Court, Falls Church, Virginia; AND SILVANO CARBAJAL, Alexandria, Virginia 22301; ON BEHALF OF THEMSELVES AND ALL SIMILARLY SITUATED EMPLOYEES, | **CONSENT RE:** COMPLAINT **ALLEGING WAGE AND HOUR** CLAIMS |
| *Plaintiffs,* | Case No.: |
| - against - | |
| J.J. DRYWALL CORPORATION, 8177 Snead Loop, Gainesville, Virginia 20155; AND, JOSE LUIS JIMENEZ, 8177 Snead Loop, Gainesville, Virginia 20155, | |
| *Defendants.* | |

## CONSENT RE: COMPLAINT ALLEGING WAGE AND HOUR CLAIMS

I, _Gabriel Encinas_, declare as follows:

1.    I am a former employee of J.J. Drywall Corporation and one of the named Plaintiffs in this action.

2.    I give my consent to being a plaintiff in this action. I wish to seek unpaid wages, recovery of unlawful deductions, and/or overtime compensation, under the Fair Labor Standards Act, the District of Columbia Minimum Wage Act Revision Act, the District of Columbia Wage Payment and Wage Collection Act, and/or the Maryland Wage Payment and Collection Law, and under a cause of action for unjust enrichment.

I declare under penalty of perjury that the foregoing is true and correct. Executed this of _June 30_, 2008, at Washington, D.C.

X _(signature)_

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

FELIX ENCINAS, 6172 Glen Eagle Court, Falls Church, Virginia; GABRIEL ENCINAS, 6172 Glen Eagle Court, Falls Church, Virginia; AND SILVANO CARBAJAL, Alexandria, Virginia 22301; ON BEHALF OF THEMSELVES AND ALL SIMILARLY SITUATED EMPLOYEES,

*Plaintiffs,*

- against -

J.J. DRYWALL CORPORATION, 8177 Snead Loop, Gainesville, Virginia 20155; AND, JOSE LUIS JIMENEZ, 8177 Snead Loop, Gainesville, Virginia 20155,

*Defendants.*

**CONSENT RE:** COMPLAINT ___ALLEGING WAGE AND HOUR CLAIMS

Case No.:

---

## AUTORIZACION PARA PLANTEAR DEMANDA POR HORAS Y SUELDO

Yo,_____, declaro lo siguiente:

1.      Trabajé para  J.J. Drywall Corporation y soy uno/a de los Demandantes en este juicio.

2.      Doy mi autorización para plantear una demanda de mi parte en este juicio. Busco recobrar sueldos no pagados, deducciones ilegales y horas extras no pagadas bajo los estatutos conocidos en inglés como "Fair Labor Standards Act", "District of Columbia Minimum Wage Act Revision Act", "District of Columbia Wage Payment and Wage Collection Act," y/o "Maryland Wage Payment and Collection Law," y bajo demandas por enriquecimiento injusto.

Declaro bajo pena de perjuicio que lo aquí declarado es correcto y verdadero.  Firmado el día ____del mes _____del 2008 en Washington, D.C.

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

FELIX ENCINAS, GABRIEL ENCINAS, AND SILVANO CARBAJAL, ON BEHALF OF THEMSELVES AND ALL SIMILARLY SITUATED EMPLOYEES

## DEFENDANTS

J.J. DRYWALL CORPORATION AND JOSE LUIS JIMENEZ

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___88888___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

R. Richard Hopp, O'Donoghue & O'Donoghue LLP, 4748 Wisconsin Avenue, N.W., Washington, D.C. 20016 (202) 362-0041

Brian F. Quinn, DeCarlo, Connor & Shanley, P.C., 101 Constitution Avenue, NW, 10th Floor, Washington, D.C. 20001 (202) 589-1151; and

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/* *2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ⊙ **K.** *Labor/ERISA* *(non-employment)* | ○ **L.** *Other Civil Rights* *(non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Suit under Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201-219, to recover unpaid overtime compensation plus liquidated damages.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☒ ACTION UNDER F.R.C.P. 23   DEMAND $ To be determined   Check YES only if demanded in compl.   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 1, 2008   SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.