**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
FELIX ENCINAS, et al.,         )
                               )
          Plaintiffs,          )
                               )
          v.                   )     Civil Action No. 08-1156   (RWR)
                               )
J.J. DRYWALL CORPORATION,      )
et al.,                        )
                               )
          Defendants.          )
_____)
```

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs Gabriel and Felix Encinas and Silvano Carbajal bring claims on their own behalf and on behalf of all others similarly situated against defendants J.J. Drywall Corporation and Jose Luis Jimenez under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201 et seq., and various District of Columbia and Maryland statutes to recover unpaid overtime and other wages. The plaintiffs have filed unopposed motions to conditionally certify the collective class challenging the denial of overtime compensation under the FLSA and to certify sub-classes of plaintiffs asserting claims under District of Columbia and Maryland Law under Rule 23 of the Federal Rules of Civil Procedure. Because the plaintiffs have made the modest factual showing necessary for conditional certification under the FLSA and satisfied the requirements of Rule 23 to certify the state sub-classes, their unopposed motions will be granted.

BACKGROUND

Defendant J.J. Drywall, owned by pro se defendant Jose Luis Jimenez, installs drywall in commercial construction sites in Washington, D.C. and Maryland.  (Compl. ¶¶ 7, 9, 12.)  J.J. Drywall employed plaintiffs Gabriel and Felix Encinas and Silvano Carbajal as drywall mechanics.  (Id. ¶¶ 4-6.)  Plaintiffs allege in their complaint that Gabriel and Felix Encinas worked more than forty hours in a workweek but did not receive time and one-half overtime compensation for those hours.  (Id. ¶ 19.) Plaintiffs further allege that J.J. Drywall has a policy of not paying its drywall workers for overtime hours worked and of deducting and retaining ten percent of its drywall employees gross wages without "legal authorization or justification for the deductions."  (Id. ¶¶ 20-21.)

Plaintiffs move to conditionally certify a collective action under the FLSA for all similarly situated employees who did not receive time and one-half compensation for overtime, and to certify Washington, D.C. and Maryland sub-classes under Federal Rule of Civil Procedure 23 for all similarly situated employees bringing claims of unpaid wages under D.C. and Maryland law. Plaintiffs have also moved for approval of a proposed notice for collective action class members and for members of each sub-

- 3 -

class, and for discovery of the names, last known addresses, and telephone numbers of potential class members.[1]

<u>DISCUSSION</u>

I.   FLSA CONDITIONAL CERTIFICATION

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  If an employer violates this section, "any one or more employees for and in behalf of himself or themselves and other employees similarly situated" may bring a cause of action. 29 U.S.C. § 216(b).  Such a collective action is not subject to the class certification standards -- numerosity, commonality, typicality, and adequacy of representation -- under Rule 23. <u>Castillo v. P & R Enterprises, Inc.</u>, 517 F. Supp. 2d 440, 444 (D.D.C. 2007).  "Instead, a collective action has only two threshold requirements: the plaintiff[s] must show that [they are] similarly situated to the other members of the proposed class, and those other members must 'opt in' to the proposed class."  <u>Hunter v. Sprint Corp.</u>, 346 F. Supp. 2d 113, 117 (D.D.C. 2004).

---

[1] Jimenez does not oppose either motion.  J.J. Drywall has not entered an appearance through counsel, as a corporation must in order to participate in the suit.

- 4 -

While the D.C. Circuit has yet to articulate the procedure for certifying a class under the FLSA, courts in this district typically engage in a two-step process.  First, "plaintiffs must make a 'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'"  Castillo, 517 F. Supp. 2d at 445 (quoting Chase v. AIMCO Props., 374 F. Supp. 2d 196, 200 (D.D.C. 2005).  Such a showing, as an initial matter, satisfies the FLSA requirement that putative class members be similarly situated to the plaintiffs, id., and is "ordinarily based mostly on the parties' pleadings and affidavits."  Chase, 374 F. Supp. 2d at 200; see also McKinney v. United Stor-All Ctrs., Inc., 585 F. Supp. 2d 6, 8 (D.D.C. 2008) (noting that "[t]his showing may be made through pleadings and affidavits that demonstrate that 'the putative class members were together the victims of a single decision, policy or plan' that violated the law" (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 n.8 (5th Cir. 1995))).  Second, defendants may move at the close of discovery to decertify the conditional class if the record establishes that the plaintiffs are not, in fact, similarly situated.  Castillo, 517 F. Supp. 2d at 445.

Because conditional certification is not binding and is merely meant to facilitate providing notice to potential class members so that they may choose to opt in to the collective

- 5 -

action, "[t]he court employs a lenient standard" in making such a determination. McKinney, 585 F. Supp. 2d at 8.  While the FLSA does not define "similarly situated[,]" id., courts have considered three factors that bear on the commonality of the claims: "(1) whether [putative class members] all worked in the same corporate department, division and location; (2) whether they all advanced similar claims; and (3) whether they sought substantially the same form of relief." Hunter, 346 F. Supp. 2d at 119 (quoting Lawrence v. City of Phila., No. 03-CV-4009, 2004 WL 945139, at *1 (E.D. Pa. Apr. 29, 2004)).  In Castillo, the court conditionally certified a class even though some putative class members did not have identical job titles or duties and worked in different locations.  It found these distinctions immaterial in light of the substantive similarity of the putative class members' job responsibilities, their shared classification as non-exempt for purposes of the FLSA, and the allegation that the employer subjected all of its workers to a uniform payroll policy.  517 F. Supp. 2d at 446-48.

Here, the putative class members are similarly situated to the plaintiffs.  As in Castillo, the plaintiffs allege that "the duties and responsibilities of the jobs held by members of the proposed Collective Class were the same as or substantially similar to the duties and responsibilities of the jobs held by Plaintiffs Gabriel Encinas and Felix Encinas."  (Compl. ¶ 69.)

- 6 -

The named plaintiffs worked for J.J. Drywall installing drywall
and insulation at various construction sites (see Pls.' Mem. of
P. & A. in Supp. of Mot. for Conditional Certification of
Collective Class ("Pls.' § 216(b) Mem."), Gabriel Encinas Decl.
¶¶ 11, 16; Compl. ¶ 14), and the collective class members worked
as "drywall finisher[s], drywall mechanics[s], carpenter[s],
and/or mechanic[s], who perform work similar to the work
performed by employees in those classifications[.]"  (Compl.
¶ 68.)  J.J. Drywall classified the named plaintiffs and all
putative class members as exempt employees under the FLSA.  (Id.
¶ 17.)  Additionally, the plaintiffs have alleged that J.J.
Drywall has "a company policy of not paying its employees for
overtime hours worked" (id. ¶ 20), and the plaintiffs' and
putative class members' FLSA claims stem from this policy.  These
similarities are sufficient to overcome any differences in job
titles or work locations between the plaintiffs and putative
class members, and the class will be conditionally certified.

    "The scope of a collective action for overtime pay is
limited, however, in that putative class members must
affirmatively opt in to the action in order to become part of the
lawsuit."  Cryer v. Intersolutions, Inc., Civil Action No. 06-
2032 (EGS), 2007 WL 1053214, at *1 (D.D.C. Apr. 7, 2007).  To opt
in to the class, a plaintiff must give "his consent in
writing[,]" and such consent must be filed in the court in which

- 7 -

the suit is brought.  29 U.S.C. § 216(b).  A court may facilitate
notice of a collective action, informing putative members of the
class about the suit and the requirement to opt in to the
litigation, so long as it "take[s] care to avoid even the
appearance of judicial endorsement of the merits of the action."
Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 174 (1989).
Ninety days is a reasonable period for putative class members to
respond to the notice.  Cryer, 2007 WL 1053214, at *3.  Here,
plaintiffs have filed a proposed notice, to be posted "at all of
J.J. Drywall Corporation's job sites, in the same areas in which
it is required to post government-required notices."  (Pls.'
§ 216(b) Mem. at 13.)  The proposed notice is limited to the FLSA
overtime claim and makes abundantly clear that the court has not
yet taken a position on the merits of the claim.  (See id., Ex. A
at 2, 4.)  Thus, plaintiffs' proposed notice will be approved to
be posted for a period of ninety days from the date of this
Order.

     Plaintiffs also move for an order directing defendants to
supply the names, last known addresses, and telephone numbers of
all employees in the putative class.  (Id. at 13.)  A district
court may order a defendant to produce the names and last known
addresses of putative FLSA collective action class members in
order to facilitate providing these individuals with notice.  See
Hoffmann-La Roche, 493 U.S. at 170 (finding that "[t]he District

- 8 -

Court was correct to permit discovery of the names and addresses of the discharged employees" to facilitate notice of collective action under 29 U.S.C. § 216(b)); Hunter, 346 F. Supp. 2d at 121 (ordering production of names and addresses).  However, some courts have hesitated to order defendants to produce the telephone numbers of putative class members, reasoning that such information is "inherently private[.]"  See, e.g., Fengler v. Crouse Health Found., Inc., 595 F. Supp. 2d 189, 198 (N.D.N.Y. 2009); Houston v. URS Corp., 591 F. Supp. 2d 827, 836 (E.D. Va. 2008) (denying plaintiffs' request for phone numbers).  Because plaintiffs have not specifically justified their need for access to putative class members' phone numbers, the defendants will be ordered to produce only the names and last known addresses of putative class members.

## II.  RULE 23 CERTIFICATION

The plaintiffs also move to certify a Washington, D.C. sub-class and a Maryland sub-class under Rule 23.  These sub-classes would include all hourly-paid or piece-work drywall finishers, drywall mechanics, carpenters, or mechanics who were not paid for all hours worked or had ten percent deducted from their gross wages, and who were employed by J.J. Drywall in Washington, D.C. or Maryland between July 1, 2005 and the date of final

disposition of this action.[2]  (Pls.' Mem. of P. & A. in Supp. of

Pls.' Mot. for Order Certifying Classes and Appointing Class

Counsel Under Rule 23 ("Pls.' Rule 23 Mem.") at 8-9.)  A party

moving to certify a class under Rule 23 bears the burden of

establishing that the suit satisfies the requirements of the

rule.[3]  Lindsay v. Gov't Employees Ins. Co., 251 F.R.D. 51, 54

(D.D.C. 2008) (citing Amchem Prods., Inc. v. Windsor, 521 U.S.

591, 614 (1997)).  First, under Rule 23(a), the moving party must

show that

> (1) the class is so numerous that joinder of all
> members is impracticable; (2) there are questions of
> law or fact common to the class; (3) the claims or
> defenses of the representative parties are typical of
> the claims or defenses of the class; and (4) the
> representative parties will fairly and adequately
> protect the interests of the class.

Fed. R. Civ. P. 23(a).  "Failure to adequately demonstrate any of

the four [Rule 23(a) requirements] is fatal to class

certification."  Garcia v. Johanns, 444 F.3d 625, 631 (D.C. Cir.

2006).  Second, the party must show that the class action falls

---

[2] Although the putative class members allege claims under
state law, plaintiffs' FLSA claims arise under federal law, and
there is supplemental jurisdiction over the state law claims
under 28 U.S.C. § 1367(a).

[3] "While the Local Civil Rules generally permit the Court to
treat unopposed motions as conceded, the Federal Rules of Civil
Procedure contemplate that the Court must find that the
requirements of Rule 23 are satisfied before certifying a class."
Barnes v. District of Columbia, 242 F.R.D. 113, 120 (D.D.C. 2007)
(internal citation omitted).  The merits of the certification
motion, therefore, will be evaluated even though defendant
Jimenez does not oppose the motion.

- 10 -

within one of the three types of class actions identified in Rule 23(b).  <u>Lindsay</u>, 251 F.R.D. at 54.

    A.   <u>Rule 23(a) requirements</u>

        1.   Numerosity

"Rule 23(a)(1) permits maintenance of a class action if 'the class is so numerous that joinder of all members is impracticable.'"  <u>Taylor v. D.C. Water & Sewer Auth.</u>, 241 F.R.D. 33, 37 (D.D.C. 2007) (quoting Fed. R. Civ. P. 23(a)(1)).  While a class of at least forty members is sufficiently numerous to satisfy this requirement presumptively, "[t]here is no specific threshold that must be surpassed[.]"  <u>Id.</u>  Instead, a court must examine the particular facts before it, <u>Gen. Tel. Co. of Nw., Inc. v. EEOC</u>, 446 U.S. 318, 330 (1980), including "geographic dispersion of class members[.]"  <u>Robidoux v. Celani</u>, 987 F.2d 931, 936 (2d Cir. 1993).

Plaintiffs claim that there are at least thirty-five members in the Washington, D.C. sub-class and at least thirty members in the Maryland sub-class.  (Pls.' Rule 23 Mem. at 9, 11.)  The declaration of plaintiff Gabriel Encinas states that there were at least twenty similarly situated employees at one Washington job site at which he worked and fifteen similarly situated employees at another Washington job site at which he worked.  (<u>Id.</u>, Gabriel Encinas Decl. ¶¶ 13, 18.)  However, the declaration of Miguel Linares confirms only that there were fifteen other

- 11 -

similarly situated employees at one Maryland job site.  (Id.,

Miguel Linares Decl. ¶ 16.)  Even though both sub-classes fall

short of forty confirmed members, the plaintiffs still have

satisfied their required showing of numerosity.  First, because

plaintiffs allege a company policy of deducting ten percent of

gross wages from its workers at all job sites, the number of

class members is potentially much greater than forty for each

sub-class, since the declarations cover only three of J.J.

Drywall's many work sites.  Second, because "the recent downturn

in the construction sector has made construction-related work,

including drywall installation, scarce[,] . . . other employees

have traveled hundreds of miles in search of work."  (Id.,

Gabriel Encinas Decl. ¶ 20.)  Such geographic dispersion of

potential plaintiffs also makes joinder impracticable because it

will be difficult for individuals who no longer reside in or

around D.C. to take on the responsibilities of prosecuting their

cases in this court.

          2.  Commonality

     "Commonality requires that the plaintiff raise claims which

rest on 'questions of law or fact common to the class.'"  Taylor,

241 F.R.D. at 37 (quoting Fed. R. Civ. P. 23(a)(2)).  However,

"factual variations among the class members will not defeat the

commonality requirement, so long as a single aspect or feature of

the claim is common to all proposed class members."  Bynum v.

- 12 -

District of Columbia ("Bynum II"), 217 F.R.D. 43, 46 (D.D.C. 2003).  Here, the challenged activity is the same for the plaintiffs and all members of the two sub-classes: J.J. Drywall's alleged policy of withholding ten percent of its drywall employees' gross wages.  This satisfies the commonality requirement.

### 3.  Typicality

"Typicality requires that the claims of the representative be typical of those of the class."  Taylor, 241 F.R.D. at 44 (citing Fed. R. Civ. P. 23(a)(3)).  This inquiry overlaps with the commonality inquiry, as each seeks to determine the practicality of proceeding with a class action and the extent to which the plaintiffs will protect the interests of absent class members.  Id.  A plaintiff's claims can be typical of those of the class even if there is some factual variation between them. Bynum v. District of Columbia ("Bynum I"), 214 F.R.D. 27, 34 (D.D.C. 2003).  At bottom, a class representative's claims are typical of those of the class if "the named plaintiffs' injuries arise from the same course of conduct that gives rise to the other class members' claims."  Id. at 35.   The claims of plaintiffs Gabriel and Felix Encinas are typical of the claims of members of the D.C. sub-class, and the claims of plaintiff Silvano Carbajal are typical of the claims of the Maryland sub-class because they all arise from the same alleged course of

conduct: J.J. Drywall's policy of retaining ten percent of its drywall employees' gross wages.

### 4.   Adequacy of representation

"The fourth and final requirement of Rule 23(a) requires that the court determine whether the proposed representatives can adequately represent the interests of the class." Taylor, 241 F.R.D. at 45.  This requirement is satisfied upon a showing that 1) there is no conflict of interest between the proposed class representative and other members of the class and 2) the proposed class representative "will vigorously prosecute the interests of the class through qualified counsel." Lindsay, 251 F.R.D. at 55. When determining whether potential class counsel is qualified, a court considers

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]"

Fed. R. Civ. P. 23(g)(1)(A).

The plaintiffs have shown that they will adequately represent the class.  Nothing in the record suggests that there is any conflict between the class representatives and members of the sub-classes.  Plaintiffs also have retained qualified class counsel.  Counsel have already committed substantial time and resources to identifying and investigating potential claims in

- 14 -

the action.  (See id., Brian Quinn Decl. ¶ 6, Charles Gilligan

Decl. ¶ 6.)  The firms have experience in handling class actions

and labor litigation, providing them expertise in the applicable

area of law.  (Id., Brian Quinn Decl. ¶¶ 4-5, Charles Gilligan

Decl. ¶¶ 4-5.)  Finally, counsel have sufficient resources to

devote to representing the class.  (Id., Brian Quinn Decl. ¶¶ 6-

8, Charles Gilligan Decl. ¶¶ 6-8.)  The plaintiffs therefore have

satisfied all requirements under Rule 23(a).

    B.   Rule 23(b)

    The plaintiffs assert that the class action may be

maintained under either Rule 23(b)(1)(A) or Rule 23(b)(3).

(Pls.' Rule 23 Mem. at 16-17.)  Rule 23(b)(1)(A) provides for

certifying a class when "prosecuting separate actions by . . .

individual class members would create a risk of . . .

inconsistent or varying adjudications with respect to individual

class members that would establish incompatible standards of

conduct for the party opposing the class[.]"  Plaintiffs argue

that individual lawsuits would create the risk that defendants

would have to comply with inconsistent judgments.  (Pls.' Rule 23

Mem. at 17.)  However, the complaint seeks monetary damages as

the primary form of relief, and a judgment that defendants are

liable to a particular plaintiff for damages is not necessarily

inconsistent with a judgment that the defendant is not liable to

another plaintiff.  See Harrington v. City of Albuquerque, 222

- 15 -

F.R.D. 505, 516 (D.N.M. 2004) ("Certification pursuant to Rule 23(b)(1)(A) is generally not appropriate in cases in which the primary relief sought is monetary damages."); Garcia v. Sun Pac. Farming Coop., No. CV F 06-0871 LJO TAG, 2008 WL 2073979, at *5 (E.D. Cal. May 14, 2008) (noting that "certification of wage and hour cases are not appropriate under Rule 23(b)(1)").  Certifying the class action under Rule 23(b)(1)(A), then, may not be appropriate.

A court may certify a class under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  Relevant to this determination are 1) the class members' interests in individually controlling the prosecution of their actions, 2) the extent and nature of any litigation concerning the controversy already begun by class members, 3) the desirability or undesirability of concentrating litigation of the claims in a single forum, and 4) the likely difficulties in managing the class action.  Id.

1.   Predominance

Whether "common factual and legal issues predominate over any such issues that affect only individual class members[] is related to the commonality requirement of Rule 23(a)." Bynum II,

- 16 -

217 F.R.D. at 49.  If the questions of law and fact identified as common to the named plaintiffs and members of the class predominate over any non-common issues, the requirement is satisfied.  Id.  Here, the common issues of whether J.J. Drywall maintained a policy of retaining ten percent of its drywall workers' gross wages and whether that practice violates D.C. or Maryland law predominate over any issues that may affect individual class members.  All members of each sub-class appear to have identical legal claims, and the only apparent non-common factual issues involve determining at which job sites and for how many hours each member of the class worked.

    2.  Superiority

"Rule 23(b)(3) favors class actions where common questions of law or fact permit the court to 'consolidate otherwise identical actions into a single efficient unit.'"  Bynum I, 214 F.R.D. at 40 (quoting Wells v. Allstate Ins. Co., 210 F.R.D. 1, 12 (D.D.C. 2002)).  Several of the Rule 23(b)(3) factors weigh in favor of consolidating the class members' claims into a single action.  First, construction-related work has become more scarce during the current economic downturn, and former J.J. Drywall employees have dispersed geographically in search of other work. (Pls.' Rule 23 Mem., Gabriel Encinas Decl. ¶ 20.)  Accordingly, many class members likely have no interest in prosecuting their actions individually, which would require sacrificing time that

otherwise could be spent working or pursuing employment opportunities.  Second, the plaintiffs assert on information and belief that "there is no current litigation concerning the instant controversy by class members," in part because "many are non-English speakers, and are unfamiliar with the U.S. court system and may be disinclined to individually engage in such a system with which they are unfamiliar."  (Pls.' Rule 23 Mem. at 19.)  Finally, the common issues of law and fact predominate over individual issues to such a great extent that there does not appear to be any likely difficulty in managing the class action. Thus, the sub-classes will be certified under Rule 23(b)(3).[4]

    C.  <u>Notice</u>

Once a court certifies a Rule 23(b)(3) class, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  Such notice

---

[4] There is no conflict between conditionally certifying the FLSA claims as a collective action under 29 U.S.C. § 216(b) and certifying the state law claims as a class action under Rule 23, even though class members must opt in to the former action and may opt out of the latter.  See Lindsay, 251 F.R.D. at 57 (surveying cases where plaintiffs sought to certify both FLSA and state law claims and concluding that permitting state law claims "to proceed as Rule 23(b)(3) class actions, along with FLSA collective actions, is a superior method for adjudicating plaintiffs' claims" in situations where "plaintiffs' state law claims are based on the same facts as their federal law claims" (internal quotation marks omitted)).

> must clearly and concisely state in plain, easily
> understood language: (i) the nature of the action; (ii)
> the definition of the class certified; (iii) the class
> claims, issues, or defenses; (iv) that a class member
> may enter an appearance through an attorney if the
> member so desires; (v) that the court will exclude from
> the class any member who requests exclusion; (vi) the
> time and manner for requesting exclusion; and (vii) the
> binding effect of a class judgment on members under
> Rule 23(c)(3).

Id. The plaintiffs have submitted a proposed notice for each sub-class that satisfies all requirements of Rule 23(c)(2) (see Pls.' Rule 23 Mem., Ex. 1, Ex. 2), and the notices will be approved.  To ensure that class members whose contact information has changed also receive notice, the defendants will be ordered to post the notice for each sub-class at J.J. Drywall's work places and job sites as well.

The plaintiffs also move for defendants to produce the names, last known mailing addresses, and telephone numbers of all potential members of both sub-classes to facilitate providing them with notice.  (Pls.' Rule 23 Mem. at 20.)  A court may order a defendant to cooperate "in identifying the class members to whom notice must be sent" under Rule 23(d).  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 355 (1978).  Just as with the collective action, however, plaintiffs have not justified a special need for disclosure of class members' telephone numbers to facilitate providing them with notice of the suit. Accordingly, defendants will be ordered to produce only the names and last known addresses of class members.

- 19 -

The plaintiffs request that the defendants produce information for all "non-exempt employees in their employ since July 1, 2005." (Pls.' Rule 23 Mem. at 20.) However, the plaintiffs' complaint alleges that J.J. Drywall "classified or treated" the plaintiffs and "all similarly situated employees as exempt employees under FLSA and/or the D.C. Minimum Wage Revision Act." (Compl. ¶ 17 (internal citations omitted) (emphasis added).) To avoid any confusion, defendants will be ordered to produce the same names and addresses under Rule 23(d) as they will produce under 29 U.S.C. § 216(b), namely all workers employed as drywall finishers, drywall mechanics, carpenters, mechanics, or in similar jobs, performing drywall installation and finishing work at construction job sites in Washington, D.C. or Maryland at any time since July 1, 2005.

## CONCLUSION AND ORDER

The plaintiffs have made the modest factual showing necessary for conditional certification under the FLSA and satisfied the requirements of Rule 23 to certify the state sub-classes. Accordingly, it is hereby

ORDERED that plaintiffs' motion [20] for conditional certification of a collective class, approval of notice to potential plaintiff employees, and court-ordered discovery and posting of notice be, and hereby is, GRANTED. The collective class is conditionally certified as all individuals who are or

have been employed by J.J. Drywall Corporation as hourly-paid or piece-work employees and employed as drywall finishers, drywall mechanics, carpenters, or mechanics, who perform work similar to the work performed by employees in those classifications, and who worked more than forty hours during any given work week between July 1, 2005 and the date of final disposition of this action. The proposed notice to the collective class is approved. Defendants shall provide to plaintiffs' counsel the names and last known addresses of all workers employed as drywall finishers, drywall mechanics, carpenters, or mechanics, or in similar jobs, performing drywall installation and finishing work at construction job sites at any time since July 1, 2005.  For a period of ninety days from the date of this Order, defendants shall post the approved notice at all of their workplaces and job sites in such a way as to reasonably assure that prospective class members may see it in the ordinary course of performing their duties.  It is further

ORDERED that plaintiffs' motion [19] to certify classes and appoint class counsel under Rule 23 of the Federal Rules of Civil procedure and to approve proposed notices be, and hereby is, GRANTED.  The Washington, D.C. sub-class is certified as all individuals who are or have been employed by J.J. Drywall Corporation in Washington, D.C. as hourly-paid or piece-work employees and employed as drywall finishers, drywall mechanics,

carpenters, or mechanics, who perform work similar to the work
performed by employees in those classifications, and who were not
paid for all hours worked or had ten percent deducted from their
gross wages between July 1, 2005 and the date of final
disposition of this action.  The Maryland sub-class is certified
as all individuals who are or have been employed by J.J. Drywall
Corporation in Maryland as hourly-paid or piece-work employees
and employed as drywall finishers, drywall mechanics, carpenters,
or mechanics, who perform work similar to the work performed by
employees in those classifications, and who were not paid for all
hours worked or had ten percent deducted from their gross wages
between July 1, 2005 and the date of final disposition of this
action.  DeCarlo, Connor & Shanely, P.C., and O'Donoghue &
O'Donoghue are appointed as class counsel.  Plaintiffs' proposed
notices to Washington, D.C. and Maryland sub-class members are
approved and class members shall have until June 21, 2010 to opt
out of their respective sub-classes.  Defendants shall provide to
plaintiffs' counsel the names and last known addresses of all
workers employed as drywall finishers, drywall mechanics,
carpenters, or mechanics, or in similar jobs, performing drywall
installation and finishing work at construction job sites in
Washington, D.C. and Maryland at any time since July 1, 2005.
For a period of ninety days from the date of this Order,
defendants shall post the approved notices at all of their

- 22 -

workplaces and job sites in such a way as to reasonably assure
that prospective class members may see it in the ordinary course
of performing their duties.

SIGNED this 8th day of March, 2010.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge